ADAMS, APPELLANT, *v.* WATTS, JUSTICE OF PEACE, ET AL., APPELLEES.

(Decided April 22, 1940.)

*Messrs. Irish & Riley,* for appellant.
*Mr. David E. Morgan,* for appellees.

BLOSSER, P. J. The plaintiff, Patrick Adams, brought an action in the Court of Common Pleas against Eldon Watts, justice of the peace, and Elmer Cooper and C. R. Massie, asserting in substance in his amended petition that defendant Watts was one of the duly elected, qualified and acting justices of the peace of Lawrence county, and that the other defendants were sureties on his official bond for the faithful perform-ance of his duties as justice of the peace. He asserted that theretofore one Homer Null had brought a

forcible detainer action against him before such justice of the peace to oust him from the premises in which he was then living; that on account of the conduct and attitude of the defendant, Eldon Watts, as justice of the peace, the plaintiff filed, before the justice, an affidavit of prejudice under Section 13433-19, General Code, and that by reason thereof he became disqualified to hear the case in forcible entry and detainer; that the defendant, Eldon Watts, as justice of the peace, neglected to enter the filing of the affidavit of prejudice on the books of the court; wrongfully refused and neglected to notify the Common Pleas Court of Lawrence county of the filing of the affidavit of prejudice; wrongfully assumed jurisdiction of the forcible entry and detainer case; assigned the case for hearing and proceeded to hear and pass upon the same; wrongfully entered judgment therein against the plaintiff; and wrongfully and unlawfully caused the constable to eject him and his personal belongings and place the same on the road or highway; all of this, to the damage of the plaintiff in the sum of $1,000.

The trial court sustained a general demurrer to the amended petition of the plaintiff and held that it did not state facts sufficient to constitute a cause of action against the defendants, and judgment was entered in favor of the defendants. The plaintiff has appealed the case to this court on questions of law. The sole question for determination is whether the demurrer was properly sustained.

Under Section 13433-19, General Code, it was the duty of the justice of the peace, upon the filing of the affidavit of prejudice by the plaintiff, to enter the filing of the affidavit on the docket in the cause and forthwith notify the judge of the Court of Common Pleas of Lawrence county, whose duty it would then become, to examine into the affidavit and evidence, to deter-

mine whether any disqualification existed, and if necessary to designate another magistrate or justice to hear and determine the case.

Under the allegations of the amended petition the justice neglected to enter the affidavit on his docket or to notify the Common Pleas Court of the same. The justice proceeded to hear and determine the case and to enter judgment against the plaintiff. It is important, therefore, to determine whether the judgment so entered is void or merely voidable. There is a dearth of cases in Ohio on this subject. However, it is stated in 15 Ruling Case Law, 542, Section 30:

"The decided weight of authority seems to establish the proposition that, at common law, the acts of a disqualified judge are not mere nullities; they are simply erroneous and liable to be avoided or reversed on proper application, but cannot be impeached collaterally."

The plaintiff, by virtue of this irregularity, could have appealed the forcible entry case on question of law and sought a reversal of the judgment for the irregularity in the proceedings of the justice with reference to the affidavit of prejudice. The case is analogous to a disqualified juror who sits in a case. This is a ground for a reversal on appeal or in a proceeding in error. The plaintiff had his election to appeal the judgment of the justice and seek a reversal, or he could have brought a mandamus proceeding against the justice to compel him to comply with Section 13433-19, General Code.

In 15 Ruling Case Law, 540, Section 27, it is said:

"When a probate judge is disqualified from hearing a cause, mandamus is the proper remedy to compel him to certify his incompetency to the proper officer, as required by statute."

At the inception of the forcible detainer suit the justice had jurisdiction of the subject-matter of the ac-

tion. That jurisdiction was not taken from him merely by the filing of an affidavit of prejudice, but he retained jurisdiction until his disqualification was determined by the Common Pleas Court as provided by statute. As before stated, his judgment was irregular and voidable but not void.

For the reasons stated the demurrer to the amended petition was properly sustained.

In 15 Ruling Case Law, 543, Section 31, it is said:

"It is unquestionable, and has been from the earliest days of the common law, that a judicial officer can not be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous or by whatever motives prompted."

*Judgment affirmed.*

GILLEN and McCURDY, JJ., concur.